﻿Citation Nr: AXXXXXXXX
Decision Date: 06/19/19 Archive Date: 06/19/19

DOCKET NO. 181018-687
DATE: June 19, 2019

REMANDED

Entitlement to service connection for sinusitis is remanded.

Entitlement to service connection for headaches is remanded.

Entitlement to service connection for hyperemic nasal mucosa is remanded.

Entitlement to service connection for a sleep disorder is remanded.

REASONS FOR REMAND

On August 23, 2017, the President signed into law the Veterans Appeals

Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as

amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as

the Appeals Modernization Act (AMA). This law creates a new framework for

Veterans dissatisfied with VA’s decision on their claim to seek review. The Board

is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the

Rapid Appeals Modernization Program.

The Veteran served on active duty for training from November 1980 to April 1981, and on active duty from April 1988 to April 1991. 

In July 2018, the Veteran submitted a RAMP election form and requested higher level review. A RAMP higher level review rating decision was issued in September 2018. In October 2018, the Veteran timely appealed this RAMP rating decision to the Board and requested a direct review of the evidence.

The Board notes that the Veteran’s claim of entitlement to service connection for hyperemic nasal mucosa was initially characterized as a claim to reopen a previously denied claim. In the September 2018 rating decision, it was found that new and relevant evidence had been submitted, and the issue was readjudicated on the merits. The Board will not revisit this favorable finding. See AMA, Pub. L. No. 115-55, § 5104A, 131 Stat. 1105, 1106-07.

Sinusitis and Hyperemic Nasal Mucosa

The Veteran contends that he has a sinus disorder, claimed as both sinusitis and hyperemic nasal mucosa, that had its onset during his military service. He has asserted that he believes his sinus problems are related to asbestos exposure in service. The Veteran’s service treatment records show that he was treated for hyperemic nasal mucosa in February 1991, and he has submitted medical records to demonstrate that he has had an ongoing, chronic sinus problem since at least 2002.

The appellant has not yet been afforded a VA examination for these issues. The Board finds that there is more than sufficient evidence to demonstrate that the Veteran has a current sinus disorder which may be related to a disease incurred in service. As such, this evidence triggers VA’s duty to provide the appellant with a VA examination. See McLendon v. Nicholson, 20 Vet. App. 79 (2006). This was a pre-decisional duty to assist error, and the issues are remanded so that the appellant can be afforded appropriate VA examination prior to adjudication. See Pub. L. No. 115-55, § 2(d)(2); 38 C.F.R. § 20.802(a).

The agency of original jurisdiction also committed a pre-decisional duty to assist error when it failed to attempt to verify the Veteran’s claimed exposure to asbestos in service, including obtaining all relevant personnel records, following the appropriate procedures outlined at M21-1, IV.ii.1.I.3.c. Hence, further development is required.

Headaches and Sleep Disorder

The Veteran also contends that he has a headaches disorder and a sleep disorder secondary to his hyperemic nasal mucosa. These issues are therefore intertwined with the remaining issues on appeal. The Board notes that if it is found that the Veteran has a sinus or nasal disorder that is related to or incurred in service, the agency of original jurisdiction must take all necessary steps to develop these issues, including scheduling additional VA examinations to address secondary service connection, if appropriate.

The matters are REMANDED for the following action:

1. Obtain complete service personnel records for the Veteran. If the agency of original jurisdiction cannot locate such records, it must specifically document the attempts that were made to locate them, and explain in writing why further attempts to locate or obtain any government records would be futile. Then: (a) notify the claimant of the specific records that it is unable to obtain; (b) explain the efforts VA has made to obtain that evidence; and (c) describe any further action it will take with respect to the claims. The claimant must then be given an opportunity to respond.

2. Following the procedures outlined at M21-1, IV.ii.1.I.3.c., and based on a review of the Veteran’s military occupational specialty and occupational exposure, make a formal finding regarding whether the appellant had likely asbestos exposure in service.

3. Thereafter, arrange for the Veteran to undergo a VA examination with a physician to determine the nature and etiology of any current sinus disorder, including sinusitis and hyperemic nasal mucosa. The examiner must be provided access to all files in Virtual VA/Legacy and VBMS. The examiner must specify in the report that these records have been reviewed. The examiner must then address: 

a) What are the Veteran’s current sinus disorders? Has he had a diagnosis of chronic sinusitis or hyperemic nasal mucosa at any time since he filed his claim in 2016? 

b) For each diagnosis found, address whether it is at least as likely as not that the disorder is related to a disease or injury in service or had its onset during service. Specifically consider the Veteran’s in-service treatment in 1991 for hyperemic nasal mucosa and his assertions that he has had chronic sinus problems since that time and that his nasal problems may have been caused by exposure to asbestos in service, as well as any findings by the Regional Office regarding asbestos exposure in service.

A complete and fully explanatory rationale must be provided for any and all opinions offered. If any opinion cannot be rendered without resorting to speculation, the examiner must state whether the need to speculate is caused by a deficiency in the state of general medical knowledge, i.e., no one could respond given medical science and the known facts, or by a deficiency in the record or the examiner, i.e., additional facts are required, or the examiner does not have the needed knowledge or training.

4. If it is found that the Veteran does have a sinus disorder that is at least as likely as not related to service, complete all necessary development for his claims of entitlement to service connection for headaches and a sleep disorder, to include as secondary to a sinus disorder, including any appropriate examinations.

 

DEREK R. BROWN

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Mary E. Rude, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.